THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL CAMPBELL, Appellant.

Ughetta, Acting P. J., Christ, Brennan and Benjamin, JJ., concur. Munder, J., dissents and votes to affirm the order, with the following memorandum: Both defendant and his retained attorney freely consented to the lie detector test after the attorney had ample opportunity to confer with and advise defendant. I deem this an informed consent to the usual police method of conducting the test, which includes questioning the defendant as to his connection with the crime under investigation and the recording of the questions and the answers thereto. The police expert who conducted the lie detector test testified to the procedure usually employed. He said the subject is first questioned before being attached to the polygraph and then attached and questioned again. If his responses indicate deception, the apparatus is removed and he is questioned again. This procedure, he said, was followed in this case. When confronted with the graphic record, defendant confessed his guilt. We have not here the situation in either *People* v. *Donovan* (13 N Y 2d 148) or *People* v. *Failla* (14 N Y 2d 178), where the defendant's attorney had requested but was denied access to the defendant, or that in *People* v. *Gunner* (15 N Y 2d 226), where the defendant's attorney informed the police that he represented the defendant and did not want any statements taken from him. In *People* v. *Sanchez* (15 N Y 2d 387, 389), Fuld, J., said: " The significant or operative fact in such cases is that the defendant confessed or otherwise incriminated himself while being interrogated by the police in the absence of counsel after he had requested the aid of an attorney or one retained to represent him had contacted the police in his behalf." In *People* v. *Ressler* (17 N Y 2d 174), the defendant's statement was found to be inadmissible because the police had misled counsel. The factual pattern in that case is more fully set out in the Appellate Division opinion by Mr. Justice Reynolds, viz., " the police were clearly aware prior to the taking of the statement that appellant was represented by counsel and yet neither informed the attorney that the 'routine questioning' had changed to the point where appellant was about to make a statement nor informed appellant that an attorney had called and was available to represent him if he so desired " (*People* v. *Ressler*, 24 A D 2d 7, 9). In the instant case there was no denial of access to an attorney. Defendant, in response to a message left with his wife by the police, appeared at the police station with his attorney. During the questioning in the presence of his lawyer he protested his innocence and, when it was suggested by a police officer, he, still in the presence of his attorney, orally and in writing consented to the lie detector test. The attorney absented himself voluntarily on the advice of the police expert. That he did so does not dilute the fullness of the consent to the questioning. In my opinion, the evidence is sufficient to support the finding that defendant's confession was voluntarily made during the course of the lie detector test.